**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0907-19

ADONIS THOMAS,
a/k/a COREY THOMAS,

     Appellant,

v.

NEW JERSEY
DEPARTMENT OF
CORRECTIONS,

     Respondent.

_____

Submitted March 15, 2021 – Decided April 1, 2021

Before Judges Fasciale and Mayer.

On appeal from the New Jersey Department of Corrections.

Adonis Thomas, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Suzanne Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Adonis Thomas, currently an inmate at New Jersey State Prison, appeals from a New Jersey Department of Corrections (DOC) final agency decision affirming the guilty finding for committing prohibited act *.551, making intoxicants, alcoholic beverages, or prohibited substances. We affirm.

While conducting a routine search of Thomas's cell, a corrections officer discovered two plastic bottles containing an orange colored liquid with pieces of fruit inside. The bottles were found in a shower bucket on the cell floor. Upon opening the bottles, the officer smelled rotten fruit and alcohol. Suspecting the liquid to be homemade alcohol, or "hooch," the officer confiscated the bottles.

Thomas was charged with committing prohibited act *.551 and the matter was referred to a hearing officer. At the hearing, with the assistance of counsel substitute, Thomas pleaded guilty to the charge. He told the hearing officer he was attending programs for addiction and he made a "mistake." Thomas was afforded an opportunity to present witnesses on his behalf and to cross-examine adverse witnesses. He declined either opportunity. His counsel substitute requested leniency.

2

At the conclusion of the proceeding, the hearing officer found Thomas guilty of the charge based on the officers' unrefuted testimony and Thomas's admission of guilt. The hearing officer sanctioned Thomas to 120 days' loss of commutation time, 91 days' administrative segregation, 365 days of urine monitoring, and 15 days' loss of phone privileges. The hearing officer granted leniency, noting Thomas's "plea, [statement] and disciplinary history (last charged in 2013)." However, the hearing officer found "making/possessing intoxicants [within] institution poses a safety [and] security threat and will not be tolerated." The hearing officer concluded Thomas "must be held accountable for his actions."

Thomas filed an administrative appeal from the hearing officer's determination. He argued he did "not have the chance to have the liquid tested, nor was any prison perso[nel] qualified to make the determin[ation] of the liquid being 'hooch.'" The Assistant Superintendent upheld the guilty finding and the sanctions imposed.

On appeal, Thomas argues the guilty finding must be vacated because the investigating officer failed to collect and store the liquid, depriving him of crucial evidence. In addition, Thomas contends the prison staff were not

3

qualified and trained to test the liquid to determine if it was alcohol. We reject these arguments.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).

We reject Thomas's argument that the investigating officer violated N.J.A.C. 10A:72-6.8 in collecting the evidence. The cited regulation governs the collection of specimens taken from an inmate such as urine, blood, or saliva.[1] Here, the sole evidence in support of the *.551 charge was the liquid found in Thomas's cell.

In addition, contrary to Thomas's contention, the investigating officers performed their duties consistent with the regulations governing corrections

---

[1] Thomas provided a urine sample subsequent to the discovery of the liquid in his cell. Because the urine sample tested negative for prohibited substances, Thomas was charged solely with committing prohibited act *.551.

A-0907-19

facilities and there was no deprivation of his right to call the investigating officers as fact witnesses. N.J.A.C. 10A:3-6.5 provides:

> All contraband determined to pose a threat to security or to be disruptive to the orderly running of a correction facility shall be taken into custody of the correction facility and under no circumstances shall be returned to the inmate.
>
> . . . The staff member making the seizure shall immediately turn the contraband over to the Special Investigation Division or Central Control of the correctional facility, together with the completed Seizure of Contraband Report Form 171-I and Inmate Receipt Form 171-II.

Here, the officer who seized the contraband followed the regulation's requirements and completed the necessary reporting forms. Thomas offers no evidence he was precluded from calling the officer who seized the items as a witness or otherwise challenging the evidence presented during the hearing. To the contrary, the adjudication of disciplinary charge form, signed by Thomas and his counsel substitute, noted Thomas declined to call witnesses on his behalf and to confront adverse witnesses.

Thus, there is sufficient credible evidence supporting the DOC's final determination and its decision was not arbitrary, capricious, or unreasonable. Based on the record, Thomas was not deprived of his due process rights.

5

Nor do we find Thomas's contention that the item found in his cell should have been tested to determine if, in fact, it was an alcoholic beverage. Such testing was unnecessary as Thomas pleaded guilty to making alcohol. Further, regulatory requirements do not require testing of the liquid. See N.J.A.C. 10A:3-6.5 (recognizing suspected contraband "may" be sent to a laboratory for analysis but is not required); see also Blanchard v. New Jersey Dep't of Corr., 461 N.J. Super. 231, 241 (App. Div. 2019) (holding the regulation governing testing of substances applies to specimens drawn from an inmate's body "and not substances the inmate actually or constructively possesses.").

To the extent we have not addressed any of Thomas's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0907-19